IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
HAIR CLUB FOR MEN, LLC, a Delaware )
limited liability company,         )
                                   )    2:07-cv-546-GEB-KJM
                    Plaintiff,     )
                                   )
     v.                            )    ORDER TO SHOW CAUSE
                                   )
ELITE SOLUTIONS HAIR ALTERNATIVES, )
INC., a California corporation;    )
DANIELLE EATON, an individual; and )
TINA MOSKAL, an individual,        )
                                   )
                    Defendants.    )
_____)
```

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Danielle Eaton ("Ms. Eaton") shall show cause (unless she waives the right to do so) before this Court, located at 501 I Street, Suite 4-200, Sacramento, California, Courtroom No. 10, on April 2, 2007 at 10:00 a.m., why an order should not be entered granting Hair Club for Men, LLC ("Hair Club") a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 that would:

(a)  Enjoin and restrain Ms. Eaton and any of her agents, servants, employees and attorneys, and all those persons in active

concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, from:

    (i)  Directly or indirectly, soliciting, or assisting any other person, firm, corporation or other entity in soliciting, any existing or prospective client or customer of Hair Club with whom she worked or learned of during the course of her employment with Hair Club to purchase or obtain products, services or licenses related to Hair Club's business, other than for or on behalf of Hair Club;

    (ii) Within twenty (20) miles of Hair Club's Sacramento Facility, or any other Hair Club Facility, engaging directly in non-surgical hair restoration and replacement;

    (iii) Within twenty (20) miles of Hair Club's Sacramento Facility, or any other Hair Club Facility, becoming employed by or associated with, directly or indirectly, any person, firm, corporation, or other entity engaged in Hair Club's business;

    (iv) Within twenty (20) miles of Hair Club's Sacramento Facility, or any other Hair Club Facility, directly or indirectly, alone or in association with others, or in any capacity owning, managing, operating, controlling, consulting with, providing financing to or investing in any business that competes, directly or indirectly, with Hair Club;

    (v)  Directly or indirectly revealing, disclosing or publishing, or authorizing anyone else to reveal, disclose or publish Hair Club's Confidential Information, including without limitation the client lists and lead lists of Hair Club to any person, firm, corporation or other entity, or directly or indirectly using, or authorizing anyone else to use, the Confidential Information for any

1  reason or purpose whatsoever, other than as expressly authorized by
2  Hair Club; and
3          (vi)Retaining possession of originals or copies of documents
4  and/or records of any nature in her possession, custody or control
5  which belong to Hair Club or relate to Hair Club's Confidential
6  Information, including without limitation the client lists and lead
7  lists of Hair Club, whether or not such information was produced by
8  her own efforts.
9          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
10 Tina Moskal ("Ms. Moskal") shall show cause (unless she waives the
11 right to do so) before this Court, located at 501 I Street, Suite
12 4-200, Sacramento, California, Courtroom No. 10, on April 2, 2007 at
13 10:00 a.m., why an order should not be entered granting Hair Club a
14 preliminary injunction pursuant to Federal Rule of Civil Procedure 65
15 that would:
16     (b)  Enjoin and restrain Ms. Moskal and any of her agents,
17 servants, employees and attorneys, and all those persons in active
18 concert or participation with any of them who receive actual notice of
19 this Order by personal service or otherwise, from:
20          (i)  Directly or indirectly soliciting, or aiding in
21 soliciting, any business relating to non-surgical hair replacement or
22 non-surgical hair restoration from any customer or customers of Hair
23 Club with whom she worked or learned of during the course of her
24 employment with Hair Club to purchase or obtain products, services or
25 licenses related to Hair Club's business, other than for or on behalf
26 of Hair Club;
27          (ii) Dealing with, or providing hair replacement services
28 to, any Hair Club customers whom she solicited to come to Elite;

1                    (iii) Directly or indirectly using or disclosing to any
2  persons customer lists, including customer contact information (past,
3  present, or prospective) and requirements for present and prospective
4  Hair Club customers as well as any other records, statistics or other
5  information acquired by her in the course of her employment at Hair
6  Club in any capacity whatsoever; and
7                    (iv) Retaining possession of Hair Club's property including,
8  without limitation, Hair Club's customer lists (past, present or
9  prospective), price lists, lists of employees, requirements for past,
10 present or prospective customers of Hair Club, as well as other
11 records, statistics or other information acquired by her in the course
12 of her employment.
13                 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
14 Elite Solutions Hair Alternatives Incorporated ("Elite") shall show
15 cause (unless it waives the right to do so) before this Court, located
16 at 501 I Street, Suite 4-200, Sacramento, California, Courtroom No.
17 10, on April 2, 2007 at 10:00 a.m., why an order should not be entered
18 granting Hair Club a preliminary injunction pursuant to Federal Rule
19 of Civil Procedure 65 that would:
20      (c)  Enjoin and restrain Elite and any of its officers, agents,
21 servants, employees and attorneys, and all those persons in active
22 concert or participation with any of them who receive actual notice of
23 this Order by personal service or otherwise, from:
24                 (i)  Directly or indirectly revealing, disclosing or
25 publishing, or authorizing anyone else to reveal, disclose or publish
26 Hair Club's Confidential Information, including without limitation the
27 client lists and lead lists of Hair Club to any person, firm,
28 corporation or other entity, or directly or indirectly using, or

1  authorizing anyone else to use, the Confidential Information for any
2  reason or purpose whatsoever, other than as expressly authorized by
3  Hair Club.
4          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pending
5  the hearing on Hair Club's motion for a preliminary injunction, Ms.
6  Eaton, and any of her agents, servants, employees and attorneys, and
7  those persons in active concert or participation with them who receive
8  actual notice of this Order by personal service or otherwise, are
9  hereby temporarily restrained from committing any of the acts set
10 forth in paragraphs (i) – (vii) of the preceding section (a).
11         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pending
12 the hearing on Hair Club's Motion for a preliminary injunction, Ms.
13 Moskal and any her agents, servants, employees and attorneys, and
14 those persons in active concert or participation with them who receive
15 actual notice of this Order by personal service or otherwise, are
16 hereby temporarily restrained from committing any of the acts set
17 forth in paragraphs (i) – (iv) of the preceding section (b).
18         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pending
19 the hearing on Hair Club's Motion for a preliminary injunction, Elite
20 and any its officers, agents, servants, employees and attorneys, and
21 those persons in active concert or participation with them who receive
22 actual notice of this Order by personal service or otherwise, are
23 hereby temporarily restrained from committing any of the acts set
24 forth in paragraph (i) of the preceding section (c).
25         IT IS FURTHER ORDERED that the temporary restraining order
26 shall remain in effect until the date for the hearing on the order to
27 show cause set forth above or on any such further date set by the
28 Court.

1   IT IS FURTHER ORDERED that service of a copy of this Order
2  to Show Cause, the Temporary Restraining Order, the Complaint, the
3  Motion and all supporting declarations, exhibits and memoranda of
4  points and authorities shall be attempted upon Ms. Eaton, Ms. Moskal
5  and Elite (collectively, "Defendants") in a manner consistent with
6  service of process requirements in the State of California on March
7  22, 2007 and shall be completed no later than March 26, 2007.
8   IT IS FURTHER ORDERED that Defendants' opposition papers, if
9  any, shall be filed with the Clerk of this Court.  Any opposition
10 shall be filed and served on Hair Club no later than March 27, 2007 at
11 4:00 p.m.  If any Defendant elects not to retain counsel, that
12 Defendant can elect to serve the opposition on the attorneys for Hair
13 Club by either delivering copies to the offices of DLA Piper US LLP,
14 2000 University Avenue, East Palo Alto, California 94303, or sending
15 copies via facsimile to (650) 833-2001, to the attention of Steven G.
16 Cohen.  Plaintiff will have until March 29, 2007 at 4:00 p.m. to file
17 and serve any reply to Defendants' opposition.
18   Defendants are warned that any act in violation of any of
19 the terms of this Order after proper notice to it, may be considered
20 and prosecuted as contempt of this Court.
21   IT IS SO ORDERED.
22 Dated:  March 22, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge