IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
HAIR CLUB FOR MEN, LLC, a Delaware )
limited liability company,         )
                                   )    2:07-cv-546-GEB-KJM
               Plaintiff,          )
                                   )
     v.                            )    TEMPORARY RESTRAINING ORDER
                                   )
ELITE SOLUTIONS HAIR ALTERNATIVES, )
INC., a California corporation;    )
DANIELLE EATON, an individual; and )
TINA MOSKAL, an individual,        )
                                   )
               Defendants.         )
_____)
```

TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

The Court, having considered the papers submitted and arguments presented on Plaintiff Hair Club for Men, LLC's ("Hair Club") Ex Parte Motion For A Temporary Restraining Order And An Order To Show Cause ("Ex Parte Motion"); and having found that Hair Club has a likelihood of success on its claims against Defendants Danielle Eaton ("Ms. Eaton") and Tina Moskal ("Ms. Moskal") for misappropriation of trade secrets, breach of contract and unfair competition and against Defendant Elite Solutions Hair Alternative, Inc. ("Elite") for misappropriation of trade secrets and unfair

1

1  competition; and having further found that Hair Club has demonstrated
2  the possibility of irreparable harm as a result of such conduct,
3  IT IS HEREBY ORDERED THAT Hair Club's Ex Parte Motion is GRANTED.
4      Ms. Eaton, and all of her agents, servants, employees and
5  attorneys, and all those persons in active concert or participation
6  with any of them who receive actual notice of this order by personal
7  service or otherwise, are HEREBY TEMPORARILY RESTRAINED AND ENJOINED
8  from:
9  (i)     Directly or indirectly, soliciting, or assisting any other
10 person, firm, corporation or other entity in soliciting, any existing
11 or prospective client or customer of Hair Club with whom she worked or
12 learned of during the course of her employment with Hair Club to
13 purchase or obtain products, services or licenses related to Hair
14 Club's business, other than for or on behalf of Hair Club;
15 (ii)    Within twenty (20) miles of Hair Club's Sacramento Facility,
16 or any other Hair Club Facility, engaging directly in non-surgical
17 hair restoration and replacement;
18 (iii)   Within twenty (20) miles of Hair Club's Sacramento Facility,
19 or any other Hair Club Facility, becoming employed by or associated
20 with, directly or indirectly, any person, firm, corporation, or other
21 entity engaged in Hair Club's business;
22 (iv)    Within twenty (20) miles of Hair Club's Sacramento Facility,
23 or any other Hair Club Facility, directly or indirectly, alone or in
24 association with others, or in any capacity owning, managing,
25 operating, controlling, consulting with, providing financing to or
26 investing in any business that competes, directly or indirectly, with
27 Hair Club;
28

1    (v)     Directly or indirectly revealing, disclosing or publishing,
2 or authorizing anyone else to reveal, disclose or publish Hair Club's
3 Confidential Information, including without limitation the client
4 lists and lead lists of Hair Club to any person, firm, corporation or
5 other entity, or directly or indirectly using, or authorizing anyone
6 else to use, the Confidential Information for any reason or purpose
7 whatsoever, other than as expressly authorized by Hair Club; and
8 Retaining possession of originals or copies of documents and/or
9 records of any nature in her possession, custody or control which
10 belong to Hair Club or relate to Hair Club's Confidential Information,
11 including without limitation the client lists and lead lists of Hair
12 Club, whether or not such information was produced by her own efforts.
13        Ms. Moskal, and all of her agents, servants, employees and
14 attorneys, and all those persons in active concert or participation
15 with any of them who receive actual notice of this order by personal
16 service or otherwise, are HEREBY TEMPORARILY RESTRAINED AND ENJOINED
17 from:
18 (i)     Directly or indirectly soliciting, or aiding in soliciting,
19 any business relating to non-surgical hair replacement or non-surgical
20 hair restoration from any customer or customers with whom she worked
21 or learned of during the course of her employment with Hair Club to
22 purchase or obtain products, services or licenses related to Hair
23 Club's business, other than for or on behalf of Hair Club;
24 (ii)    Dealing with, or providing hair replacement services to any
25 Hair Club customers whom she solicited to come to Elite;
26 (iii)   Directly or indirectly using or disclosing to any persons
27 customer lists, including customer contact information (past, present,
28 or prospective) and requirements for present and prospective Hair Club

1  customers as well as any other records, statistics or other
2  information acquired by her in the course of her employment at Hair
3  Club in any capacity whatsoever; and
4  (iv)     Retaining possession of Hair Club's property including,
5  without limitation, Hair Club's customer lists (past, present or
6  prospective), price lists, lists of employees, requirements for past,
7  present or prospective customers of Hair Club, as well as other
8  records, statistics or other information acquired by her in the course
9  of her employment.
10          Elite, and all of its officers, agents, servants, employees
11  and attorneys, and all those persons in active concert or
12  participation with any of them who receive actual notice of this order
13  by personal service or otherwise, are HEREBY TEMPORARILY RESTRAINED
14  AND ENJOINED from:
15  (i)      Directly or indirectly revealing, disclosing or publishing,
16  or authorizing anyone else to reveal, disclose or publish Hair Club's
17  Confidential Information, including without limitation the client
18  lists and lead lists of Hair Club to any person, firm, corporation or
19  other entity, or directly or indirectly using, or authorizing anyone
20  else to use, the Confidential Information for any reason or purpose
21  whatsoever, other than as expressly authorized by Hair Club.
22          This Temporary Restraining Order shall remain in effect
23  until the date for hearing on the Order to Show Cause, or such further
24  dates as set by the Court.
25          IT IS FURTHER ORDERED that Hair Club shall post a cash or
26  corporate surety bond in the amount of $10,000 as security for the
27  payment of such damages as any person may be entitled to recover as a
28  result of a wrongful restraint hereunder.  Such bond shall be posted

1  no later than March 27, 2007.  This temporary restraining order is
2  effective upon the date on which it is filed.  Defendants Ms. Eaton,
3  Ms. Moskal and Elite are hereby notified that they may apply to the
4  Court for modification and/or dissolution of this order on two days
5  notice or such shorter notice as the Court may allow.
6          IT IS SO ORDERED.
7  Dated:  March 22, 2007
8
9                                  _____
                                   GARLAND E. BURRELL, JR.
10                                 United States District Judge